UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
|  | X |
| TELEBRANDS CORP., | : |
|  | : |
| Plaintiff, | :   Civil Action No. 14-5978 (KPF) (FM) |
|  | : |
| v. | : |
|  | : |
| TV DIRECT LLC, | : |
|  | : |
| Defendant. | : |

_____X

## COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendant TV Direct LLC ("TV Direct"), alleges as follows:

## THE PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Upon information and belief, defendant TV Direct is a corporation organized and existing under the laws of the State of New York and having a principal place of business at 347 Fifth Avenue, Suite 1100, New York, New York 10016.  Upon information and belief, TV Direct is doing business within the State of New York and in this Judicial District.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.   This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq*.), the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq*.), and the statutory and common law of New York (N.Y. Gen. Bus. Law § 360).

4.   Jurisdiction of this Court is founded upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.  The matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5.   Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c), and 1400 (b).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.   Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores.  Telebrands is one of the recognized leaders in the direct response television marketing industry.  Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders.  The television advertising creates a heightened brand awareness and recognition of the product among consumers who then purchase the product in retail stores.

### Telebrands' AERO KNIFE Product.

7.   Telebrands markets and sells a product under the trademark AERO KNIFE.  The AERO KNIFE product is a knife product that has a unique and distinctive product configuration and trade

dress which is characterized, in part, by a blade that has five polygonal shapes in a unique and distinctive configuration, namely, in the order of a triangle on one upper corner of the blade, followed by a quadrilateral, followed by two parallelograms, followed by a pentagon with the shortest side at the other opposing lower corner of the blade ("Product Trade Dress").  The arrangement and combination of these elements is non-functional, arbitrary and fanciful, distinctive and constitutes valid trade dress.  Telebrands is the owner of all right, title and interest in and to this Product Trade Dress.  The Product Trade Dress was adopted to give the AERO KNIFE product a distinctive appearance and to indicate source.   Photographs of the AERO KNIFE product are attached as Exhibit A.

8.   Telebrands' new, non-obvious and ornamental design of the AERO KNIFE product is the subject of U.S. Design Patent No. D704,010 for a "Knife," which issued on May 6, 2014 ("Design Patent"), a copy of which is attached as Exhibit B.  Telebrands is owner of all right, title and interest in and to the Design Patent.

9.   Telebrands rolled out the AERO KNIFE product in early 2013, and sales grew rapidly. Telebrands sells the AERO KNIFE product through direct response channels to the general consuming public throughout the United States and within this Judicial District.  Telebrands also sells the AERO KNIFE product to consumers through major retailers throughout the United States and within this Judicial District.

10. Telebrands has expended millions of dollars advertising and promoting the AERO KNIFE product on television and on the Internet, most of which emphasizes the distinctive Product Trade Dress.  As a result of these substantial advertising and promotional efforts, Telebrands' sales of the

AERO KNIFE product have been significant.  Since its roll-out, Telebrands has sold a substantial number of the AERO KNIFE product in the United States, totaling millions in sales, since rolling out the product in early 2013.

11.   As a result of its extensive advertising and promotional activities which emphasize the distinctive Product Trade Dress, and further as a result of its substantial sales, the distinctive Product Trade Dress has become well and favorably known to the purchasing public and widely recognized as indicating the source or origin of the AERO KNIFE product.

12.  The Product Trade Dress is non-functional, fanciful, distinctive and well-recognized and represents substantial goodwill of Telebrands throughout the United States, including in this Judicial District.

## Defendant's Acts Of Infringement

13. On information and belief, TV Direct markets and sells a knife product under the name "Infinity Knife" in this Judicial District and elsewhere.   The "Infinity Knife" product imitates the design of Telebrands' AERO KNIFE product.   The "Infinity Knife" product incorporates the elements of Telebrands' distinctive Product Trade Dress and embodies the invention claimed in the Design Patent.   Photographs of TV Direct's "Infinity Knife" product, shown together with Telebrands' AERO KNIFE product, are attached as Exhibit C.

14. The "Infinity Knife" product is competitive with Telebrands' AERO KNIFE product and, on information and belief, is sold to consumers through retail outlets.

15. Upon information and belief, TV Direct's adoption of the invention claimed in the Design Patent, as well as its adoption and use of a copy or colorable imitation of the Product Trade Dress is

4

deliberate and intentional and with full knowledge of Telebrands' rights.

16. TV Direct's adoption of the invention claimed in the Design Patent and use of a copy or colorable imitation of the Product Trade Dress was and is without Telebrands' authorization and consent.

17. Upon information and belief, TV Direct's adoption and use of a copy or colorable imitation of the Product Trade Dress was and is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Telebrands' initiative and goodwill.

18. By adopting and using Telebrands' Product Trade Dress, and by trading on Telebrands' valuable goodwill, TV Direct has caused and is likely to cause confusion, mistake and deception of purchasers and potential purchasers as to the source or origin of the "Infinity Knife" product and as to the existence of an association, connection, or relationship between TV Direct and Telebrands.

19. TV Direct's acts as recited herein have been undertaken in bad faith so as to compete unfairly with Telebrands.

20. TV Direct's actions have damaged and are likely to damage the superior reputation and goodwill of Telebrands.

21. Telebrands is being irreparably injured and monetarily damaged by TV Direct's acts. Telebrands has no adequate remedy at law.

## COUNT 1 – PATENT INFRINGEMENT OF U.S. D704,010

22. Telebrands repeats and realleges the allegations set forth in paragraphs 1-21 above, as though fully set forth herein.

23. This cause of action arises under Section 35 of the Patent Laws of the United States, 35

U.S.C. §§ 271 and 289.

24. The Design Patent is valid and enforceable.

25. By the acts alleged above, TV Direct has made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using, offering to sell, selling, and/or importing into the United States, products having a design that infringes directly or indirectly through contributory and/or induced infringement, the claim of the Design Patent, without Telebrands' authorization or consent.

26. On information and belief, TV Direct's infringement has been intentional and willful, making this an exceptional case.

27.     TV Direct will, on information and belief, continue to infringe upon Telebrands' rights under §§ 271 and/or 289 of the Patent Act, unless and until it is enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless TV Direct is enjoined. Telebrands has no adequate remedy at law.

## COUNT 2 – INFRINGEMENT OF PRODUCT TRADE DRESS

28.   Telebrands repeats and realleges the allegations set forth in paragraphs 1-27 above, as though fully set forth herein.

29.   This cause of action is for unfair competition and arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. By the acts alleged above, TV Direct has used in interstate commerce in connection with its goods, false designations of origin and false descriptions and representations which misrepresent the nature, characteristics and qualities of those goods, in violation of 15 U.S.C. § 1125(a).

31. TV Direct's unauthorized distribution and sale in interstate commerce of its "Infinity Knife" product, bearing a copy, counterfeit or colorable imitation of Telebrands' distinctive Product Trade Dress for its AERO KNIFE product, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of TV Direct's product by Telebrands.

32. TV Direct's unauthorized distribution and sale in commerce of its "Infinity Knife" product falsely designates the origin of TV Direct's product and is likely to cause confusion, mistake, or deception about the origin of TV Direct's goods.

33. By using such trade dress, TV Direct has falsely and misleadingly described that its "Infinity Knife" product it is selling and offering for sale emanates from or is sponsored or approved by Telebrands.

34. On information and belief, TV Direct's infringement has been intentional and willful.

35. TV Direct will, on information and belief, continue to infringe upon Telebrands' rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be injured unless TV Direct's acts are enjoined.  Telebrands has no adequate remedy at law.

**COUNT 3 – INJURY TO BUSINESS REPUTATION UNDER GBL § 360**

36. Telebrands repeats and realleges the allegations set forth in paragraphs 1-35 above, as though fully set forth herein.

37.  This cause of action arises under Section 360-l of the General Business Law of the State of New York.

38. TV Direct's acts are likely to injure the business reputation of Telebrands and consumers, who are dissatisfied with the quality of TV Direct's "Infinity Knife" product, will attribute their dissatisfaction to Telebrands.

39. TV Direct will, on information and belief, continue to impair Telebrands' rights under Section 360-l of the General Business Law unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be injured unless TV Direct's acts are enjoined.  Telebrands has no adequate remedy at law.

## COUNT 4 – NEW YORK COMMON LAW UNFAIR COMPETITION

40.  Telebrands repeats and realleges the allegations set forth in paragraphs 1-39 above, as though fully set forth herein.

41.  This cause of action is for unfair competition and arises under the common law of the State of New York.

42.  By the acts alleged above, TV Direct has impaired Telebrands' goodwill and has otherwise adversely affected Telebrands' business by the use of unfair and improper business practices specifically designed to capitalize on the initiative and goodwill of Telebrands in violation of the common law of the State of New York.

43. TV Direct will, on information and belief, continue to impair Telebrands' rights unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be injured unless TV Direct's acts are enjoined.  Telebrands has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment:

a.      Adjudging and decreeing that TV Direct has unlawfully infringed, contribuoily infringed and/or induced infringement of Telebrands' Design Patent, infringed Telebrands' trade dress rights and unfairly competed with Telebrands;

b.      Preliminarily and permanently enjoining TV Direct, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

     1.      From infringing U.S. Patent No. D704,010;

     2.      from importing, distributing, advertising, promoting, selling, or offering for sale a product substantially similar to the Design Patent;

     3.      from importing, distributing, advertising, promoting, selling or offering for sale a product that incorporates, copies, or colorably imitates the trade dress of Telebrands' AERO KNIFE product;

     4.      from otherwise unfairly competing with Telebrands in any manner; and

     5.      from falsely representing or suggesting that the product TV Direct sells or offers for sale is genuine, or is authorized by or emanates from Telebrands, or from otherwise falsely advertising, representing or suggesting any connection with Telebrands, unless TV Direct's product is genuine AERO KNIFE product and emanates from or is authorized by Telebrands.

c.      Requiring TV Direct to pay Telebrands any damages Telebrands has suffered arising out of and/or as a result of TV Direct's patent infringement, including Telebrands' lost profits, TV Direct's profits and/or reasonable royalties for TV Direct's patent infringement, and any other relief

provided for in 35 U.S.C. §§ 284 and 289;

   d. Requiring TV Direct to pay its profits to Telebrands, any damages sustained by Telebrands as a result of TV Direct's acts, and Telebrands' costs for the action, and attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

   e. Requiring TV Direct to pay to Telebrands three times the amount of Telebrands' actual damages because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a);

   f. Imposing costs and reasonable attorneys' fees against TV Direct because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a) and/or any other damages recoverable under any other statute alleged in this Complaint;

   g. Requiring that all products, product labels, signs, prints, packages, wrappers, receptacles, and advertisements of TV Direct bearing Telebrands' Product Trade Dress, and any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered up to Telebrands for destruction, pursuant to 15 U.S.C. § 1118; and

   h. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff Telebrands Corp. requests a trial by jury in this matter.

Respectfully submitted,

Dated: July 31, 2014                    COOPER & DUNHAM LLP

By:    s/ Robert T. Maldonado_____
       Peter D. Murray (PM-6912)
       Robert T. Maldonado (RM-7873)
       Tonia A. Sayour (TS-7208)
       30 Rockefeller Plaza
       New York, New York 10112
       Tel: (212) 278-0400
       Fax: (212) 391-0525
       pmurray@cooperdunham.com
       rmaldonado@cooperdunham.com
       tsayour@cooperdunham.com

       Attorneys for Plaintiff
       TELEBRANDS CORP.

# EXHIBIT A



# EXHIBIT B

US00D704010S

(12) **United States Design Patent**
Shahani

(10) **Patent No.:** **US D704,010 S**
(45) **Date of Patent:** ** **May 6, 2014**

(54) **KNIFE**

(71) Applicant: **Rajoo M. Shahani**, Fairlawn, NJ (US)

(72) Inventor: **Rajoo M. Shahani**, Fairlawn, NJ (US)

(73) Assignee: **Telebrands Corp.**, Fairfield, NJ (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/451,183**

(22) Filed: **Mar. 28, 2013**

(51) **LOC (10) Cl.** .................................................. **07-03**
(52) **U.S. Cl.**
    USPC .......................................................... **D7/649**
(58) **Field of Classification Search**
    USPC ............... D7/368, 393–395, 401.2, 642–646,
        D7/649–654, 660–664, 669, 675–676, 683,
        D7/688–692, 695–696; D8/5, 25, 83,
        D8/98–99, 107, 303; D24/146–147;
        30/115, 137, 141–143, 147–150,
        30/322–327, 329, 335, 340, 342–348,
        30/355; 416/70 R
    See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D177,743 | S | * | 5/1956 | Marx | D7/650 |
| D304,154 | S | * | 10/1989 | Osterhout | D8/99 |
| D403,204 | S | * | 12/1998 | Kwok | D7/401.2 |
| D439,806 | S | | 4/2001 | Juhlin et al. | |
| D442,841 | S | * | 5/2001 | Balolia | D8/99 |
| D464,539 | S | * | 10/2002 | Richwine et al. | D8/5 |
| D525,088 | S | * | 7/2006 | Fort et al. | D7/652 |
| D545,637 | S | * | 7/2007 | Curtin | D7/650 |
| D554,949 | S | * | 11/2007 | Hood | D7/650 |
| D573,850 | S | * | 7/2008 | Curtin | D7/649 |
| D581,732 | S | * | 12/2008 | Epstein | D7/401.2 |
| D581,733 | S | * | 12/2008 | Epstein | D7/401.2 |
| D600,506 | S | * | 9/2009 | Miltner et al. | D7/649 |
| D643,256 | S | | 8/2011 | Hirai | |
| D643,257 | S | * | 8/2011 | Hirai | D7/649 |

* cited by examiner

*Primary Examiner* — Ricky Pham

(74) *Attorney, Agent, or Firm* — Jeffrey L. Snow; Cooper & Dunham, LLP

(57) **CLAIM**

The ornamental design for a knife, as shown and described.

**DESCRIPTION**

FIG. **1** is a bottom perspective view thereof;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a right side view thereof;
FIG. **5** is a left side view thereof;
FIG. **6** is a top side view thereof; and,
FIG. **7** is a bottom side view thereof.

**1 Claim, 6 Drawing Sheets**





FIG. 1



*FIG. 2*



*FIG. 3*



FIG. 4



FIG. 5



FIG. 6



FIG. 7

# EXHIBIT C



Telebrands' AERO KNIFE
product

TV Direct's
"Infinity Knife"
product

Telebrands' AERO KNIFE product

TV Direct's "Infinity Knife" product