**BAKER & HOSTETLER LLP**
Kimberly M. Maynard (KM-6722)
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: kmaynard@bakerlaw.com

*Attorney for Defendant TV Direct, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> TV DIRECT LLC, <br><br> Defendant. | CIVIL ACTION NO. 14-5978 (KPF)(FM) <br><br> **ANSWER** |

### ANSWER

Pursuant to Fed. R. Civ. Proc. 7(a)(2), Defendant TV Direct, LLC ("TV Direct") responds to the numbered paragraphs of the Complaint filed by Plaintiff Telebrands Corp. ("Plaintiff" or "Telebrands") as follows:

### THE PARTIES

1. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies those allegations.

2. Admitted.

### NATURE OF CLAIMS, JURISDICTION AND VENUE

3. TV Direct admits that this action purports to be an action for patent infringement arising under the Patent Laws of the United States, (35 U.S.C. § 1 *et seq.*), the Trademark and

Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq.*), and the statutory and common law of New York (N.Y. Gen. Bus. Law § 360) but denies any violation of such statutes/laws.

4. TV Direct admits that personal jurisdiction over it in this Court is proper but denies that the matter in controversy exceeds $75,000.

5. TV Direct admits that venue within this Judicial District is proper.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies those allegations.

### Telebrands' AERO KNIFE Product.

7. TV Direct denies that the product configuration of Telebrands' AERO KNIFE product is "unique and distinctive" or that the configuration thereof constitutes protectable trade dress. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies those allegations.

8. TV Direct denies that the design of the AERO KNIFE is "new, non-obvious and ornamental." TV Direct is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies those allegations.

9. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies those allegations.

10. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies those allegations.

11. Denied.

12. Denied.

### Defendant's Acts of Alleged Infringement

13. TV Direct admits it sells a product under the name "Infinity Knife" in this Judicial District and elsewhere and that Exhibit C appears to be a picture of TV Direct's Infinity Knife. TV Direct denies the remaining allegations of paragraph 13.

14. TV Direct admits that its Infinity Knife product is sold to consumers through retail outlets. TV Direct is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore denies those allegations.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

### COUNT 1-ALLEGED PATENT INFRINGEMENT OF U.S. D704,010

22. The paragraph is a statement of fact to which no response is necessary.

23. TV Direct admits that Plaintiff alleges that the cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 289.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### COUNT 2 – ALLEGED INFRINGEMENT OF PRODUCT TRADE DRESS

28. The paragraph is a statement of fact to which no response is necessary.

29. TV Direct admits that Plaintiff alleges that the cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**COUNT 3-ALLEGED INJURY TO BUSINESS REPUTATION UNDER GBL § 360**

36. The paragraph is a statement of fact to which no response is necessary.

37. TV Direct admits that Plaintiff alleges that this cause of action arises under Section 360-1 of the General Business Law of the State of New York.

38. Denied.

37. Denied.

**COUNT 4-ALLEGED NEW YORK COMMON LAW UNFAIR COMPETITION**

40. The paragraph is a statement of fact to which no response is necessary.

41. TV Direct admits that Plaintiff alleges that this cause of action arises under the common law of the State of New York.

42. Denied.

43. Denied.

TV Direct denies any other allegations of the Complaint, including, without limitation, any allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

As its separate affirmative defenses to Plaintiff's claims and allegations, TV Direct alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

U.S. Patent No. D704,010 is invalid for failure to comply with the statutory provisions of patentability, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and/or 171.

### THIRD AFFIRMATIVE DEFENSE

The alleged trade dress is non-distinctive and/or functional, and not identified by consumers as an indicator of source.

### **PRAYER FOR RELIEF**

WHEREFORE, TV Direct requests that this Court enter judgment:

(a)   that Plaintiff take nothing against TV Direct by its Complaint in this action;

(b)   finding, declaring, and adjudging in favor of TV Direct and against Plaintiff, dismissing with prejudice all claims of Plaintiff against TV Direct;

(c)   finding, declaring, and adjudging that U.S. Patent No. D704,010 is invalid and not infringed by TV Direct's Infinity Knife;

(d)   finding, declaring, and adjudging that Telebrands has no protectable Product Trade Dress in its AERO KNIFE product;

(e)   finding this to be an exceptional case under Section 285 of Title 35 of the United States Code, and awarding to TV Direct its costs (including expert witness fees), disbursements, and reasonable attorney's fees incurred in this action and such other relief as may be appropriate; and

(f)     granting such other and further relief as this Court may deem just and proper.

Dated: August 21, 2014  
New York, New York

By: _/s/ Kimberly Maynard_  
Kimberly M. Maynard (KM-6722)  
**BAKER & HOSTETLER LLP**  
45 Rockefeller Plaza, 14th Floor  
New York, New York 10111  
Tel: (212) 589-4200  
Fax: (212) 589-4201  
Email: kmaynard@bakerlaw.com  
*Attorney for Defendant TV Direct, LLC*