UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
TELBRANDS CORP.,

                Plaintiff(s),

-v-

TV DIRECT LLC.,

                Defendant(s).

------------------------------------------------- X

CASE NO. 14-5978 (KPF)(FM)

STIPULATED PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 24, 2015

      Pursuant to the stipulation and agreement by and between parties, by their undersigned attorneys, the terms and conditions of this Stipulated Protective Order shall govern the handling of all information in whatever form exchanged by the parties to this action, it is hereby ORDERED as follows:

      1.      This Order shall apply to and govern the handling of all documents, answers to interrogatories, responses to requests for admission, deposition testimony, exhibits, affidavits, briefs, reports and all other information, including all copies, transcripts, excerpts, compilations, abstracts and summaries thereof (collectively "Material") disclosed by any party or a third party in connection with discovery or otherwise in the above-captioned action (the "Action").

      2.      Any party to this action or third-party may designate as "CONFIDENTIAL" any Material it produces, discloses, or files during or in the course of discovery or other proceedings in this Action which it (the "Producing Party") in good faith believes contains sensitive commercial, financial, or business information that is not publicly known or that the producing party would not normally reveal to third parties or would require third parties to maintain in confidence; and may designate as "ATTORNEY'S EYES ONLY" any such material that it deems extraordinarily sensitive, including but not limited to documents relating to trade secrets or other proprietary business, financial or personal information, its current and future business

plans, and the way it does business. The Material so designated shall also render as CONFIDENTIAL or ATTORNEY'S EYES ONLY, as applicable, any copies, excerpts, summaries or other disclosure of the substance or contents of such Material.

3. CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall be used by the recipient thereof only for purposes of this Action (including appeals) and not for any business, commercial or competitive purpose, or any other purpose whatsoever, and shall not be disclosed, made available or communicated in any way to any persons or entities other than as provided in paragraphs 5 and 6 below.

4. CONFIDENTIAL material may, for purposes of this Action, be disclosed only to the following:

  (a) One officer of each of the parties, provided that such persons have been advised by their outside counsel about this Order and they have acknowledged their obligations hereunder;

  (b) Any attorneys working on this Action on behalf of any party, including counsel not of record and in-house counsel of such company, and any paralegals, electronic discovery assistants, stenographic and clerical employees of such counsel assisting them with this Action;

  (c) Outside consulting and trial experts retained by counsel, provided that prior to disclosure, such persons sign a confidentiality undertaking in the form attached hereto as Exhibit A and provided that the person is not a competitor of the producing party or a director, officer, shareholder, employee or consultant of a competitor of the producing party. Nothing herein shall require disclosure of such acknowledgments or of the name of

       the expert to the party producing the CONFIDENTIAL Material unless such expert is used for purposes of trial;

    (d)    Clerical personnel and legal assistants employed by the persons listed in subparagraphs (b) and (c) above;

    (e)    Outside photocopy, imaging, database, graphics, e-discovery and design services retained by the persons listed in (b) above, to the extent necessary to assist such counsel in this litigation;

    (f)    Court reporters employed in connection with this Action; and

    (g)    The Court and its personnel.

5.    Information designated as ATTORNEY'S EYES ONLY Material may be disclosed only to the following persons:

    (a)    Outside counsel of record for the parties in this action, including partners, associates, and other employees of outside litigation counsel in this action who have a legitimate need to see such documents for the purposes of this action, excluding any employees, officers, in-house counsel and directors of any party or competitor of any party;

    (b)    Outside consulting and trial experts retained by counsel, provided that prior to disclosure, such persons sign a confidentiality undertaking in the form attached hereto as Exhibit A and provided that the person is not a competitor of the producing party or a director, officer, shareholder, employee or consultant of a competitor of the producing party. Nothing herein shall require disclosure of such acknowledgments or of the name of

           the expert to the party producing the ATTORNEY'S EYES ONLY Material unless such expert is used for purposes of trial;

    (c)    Clerical personnel and legal assistants employed by the persons listed in subparagraph (a) and (c) above;

    (d)    Outside photocopy, imaging, database, graphics, e-discovery and design services retained by the persons listed in subparagraph (a) above, to the extent necessary to assist such counsel in this litigation;

    (e)    Court reporters employed in connection with this Action; and

    (f)    The Court and its personnel.

6.    Signed copies of all confidentiality undertakings executed pursuant to any provision of this Order shall be maintained by counsel for each party who obtained those undertakings.

7.    This Order shall not preclude counsel for the parties from using any documents, information or materials which have been designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY during any deposition in the Action in accordance with the terms hereof.

8.    If depositions in this action involve Material or other information designed as CONFIDENTIAL, the portions of such depositions involving such Material or other information shall be taken with no one present during those portions of the examination relating in any way to such Material or other information except the deponent and the persons, attorneys, or experts permitted access pursuant to Paragraph 5, above, and the court reporter. If depositions in this action involve Material or other information designed as ATTORNEY'S EYES ONLY, the portions of such depositions involving such Material or other information shall be taken with no

one present during those portions of the examination relating in any way to such Material or other information except the deponent and the persons, attorneys, or experts permitted access pursuant to Paragraph 6, above, and the court reporter.

9. The parties shall designate CONFIDENTIAL or ATTORNEY'S EYES ONLY Material as follows:

(a) In the case of documents, interrogatory responses, and responses to requests for admission, the Producing Party shall make designations by placing an appropriate legend or designation on each page of any such document prior to production.

(b) In the case of depositions, designation of any portions of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within thirty (30) business days, via email, facsimile, or overnight Federal Express, after the designating party receives a copy of the transcript. During the period of time between the taking of the deposition and the end of the thirty business day period referred to above, all transcripts, exhibits and the information contained therein shall be deemed to be ATTORNEY'S EYES ONLY in their entirety under the terms of this Order. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential, CONFIDENTIAL, and ATTORNEY'S EYES ONLY material, and the reporter shall place an appropriate legend on the cover of each portion of the transcript. If the designation is made during the thirty business days

period referred to above, the non-confidential portions of such depositions shall be segregated from the other portions of the transcripts and an appropriate legend shall be placed on the cover of each portion of the transcript.

10. No party shall seek to file CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, or any documents containing such Material or confidential information contained within such Material, in the public record.

```
Any party wishing to file Material so designated in redacted form
or under seal shall seek Court authorization pursuant to this
Court's Individual Rules of Practice in Civil Cases Rule 6(A).
```

Where possible, only CONFIDENTIAL or ATTORNEY'S EYES ONLY portions of filings with the Court shall be filed under seal.

11. In the proposed pretrial conference order, the parties shall propose procedures reasonably necessary to maintain the CONFIDENTIAL or ATTORNEY'S EYES ONLY status of any Material to be used at trial.

12. A party may designate any materials produced or given by any third party to the Action, or any portion thereof, as CONFIDENTIAL or ATTORNEY'S EYES ONLY Material subject to this protective order. Such designation shall be made by notifying all counsel in writing of such materials which are to be designated and treated as such within thirty (30) business days after actual receipt of copies of such materials by counsel for the party asserting confidentiality thereof. All documents, information, or materials produced by a third party to the Action shall be treated as ATTORNEY'S EYES ONLY under this protective order pending such notice of designation by a Party or the expiration of the aforesaid thirty-business-day period or agreement of the parties to the contrary.

13. A party may also designate material produced by itself or another party as CONFIDENTIAL or ATTORNEY'S EYES ONLY subsequent to production. However, said designation after the initial production of material (other than in a case of depositions), shall have no *ex post facto* effect and the parties who received material not designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall have no liability for or with respect to any pre-designation dissemination of the Material. Upon request by the initial discloser, the parties who made pre-designation disclosures shall use reasonable efforts to identify recipients of such Materials and to have any recipients of such Materials not authorized to receive the same pursuant to paragraphs 5 or 6 of this Order return such Materials to counsel.

14. The restrictions set forth in this Order shall not apply to information acquired on a non-confidential basis by the receiving party from a third party having the right to publicly disclose such information or material, or which becomes publicly known after the date of its transmission to the receiving party, provided that such information does not become known by any act or omissions of the receiving party, its employees or agents, which would be in violation of this Order. This Order also shall not apply to any information that: (a) is available to the public, other than through a breach of this protective order or other duty of confidentiality; or (b) a receiving party can demonstrate was already known to that party prior to the time of disclosure and was not subject to conditions of confidentiality.

15. The parties and others subject to this Order agree to negotiate in good faith regarding the designation of Material as CONFIDENTIAL or ATTORNEY'S EYES ONLY. In the event that a party objects to the designation of Material, such party shall notify the designating party of this belief in writing via email, facsimile, or overnight Federal Express addressed to counsel for the Producing Party. The designating party, within ten (10) business

days of delivery of the notification referred to above, shall advise, via email, facsimile, or overnight Federal Express, whether it will consent to remove the objected to designation. If the designating party does not consent to remove the designation within the ten-business-day period, a challenging party may, at any time prior to trial, move the Court for an Order determining that the Material is wrongly designated, with the party asserting the claim of confidentiality having the burden of proof. All Material designated CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be treated in accordance with the designation unless and until the Court orders otherwise, or the designating party consents.

16. A party who receives a subpoena or other request for production or disclosure of CONFIDENTIAL or ATTORNEY'S EYES ONLY Material from any third party shall not disclose any Material in response thereto without first providing written notice to the designating party. The designating party shall have ten (10) business days to take such action as it deems appropriate to protect the confidential status of the Material, including filing any necessary motions. If the designating party files a motion for a protective order, the receiving party shall make no disclosure while the motion is pending.

17. Within sixty (60) days after the termination of this Action, including any appeals, counsel shall (i) destroy all Material designated by opposing counsel as CONFIDENTIAL and ATTORNEY'S EYES ONLY, all copies thereof and all documents that contain such information and shall provide written certification of such destruction to the producing party, or (ii) return all such Material to counsel for the producing party, except that to the extent such Material is in electronic form which cannot be deleted, such Material shall be maintained under the requirements of this Agreement. The Court shall retain jurisdiction over all persons subject to this Order for the limited purpose of enforcing such return and the continuing obligation of

confidentiality imposed by this Order. Each party's trial counsel shall have the right to retain documents constituting work product, a copy of the pleadings, deposition transcripts and deposition or trial exhibits.

18. The inadvertent production of any Material during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure and no party shall be held to have waived any rights by such inadvertent production. Any Material so produced and subject to a claim of privilege or a claim of work product subsequently made shall immediately be returned to the Producing Party and/or expunged and in either event such material shall not be introduced into evidence in this proceeding or any other proceeding by any person without the consent of the producing party or by Order of the Court.

19. The production of materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to this Order shall in no way constitute (a) a waiver of any right to object to the production or use of the same materials on other grounds; or (b) a general or limited waiver of the attorney-client, joint defense, work product or other privilege or legal protection. By signing this Order, a party is not deemed to waive any objection to the production of any material. In addition, the election by any party to disclose any portion of its confidential material to others shall itself not be deemed a waiver of any of the rights established by this Order.

20. Entering into this protective order, producing or receiving documents, information or materials designated under this protective order, not objecting to any designation under this protective order, or otherwise complying with the terms of this protective order shall not:

   a. operate as an admission by any party that any particular document, information or material designated under this protective order contains or

    reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  b. waive or prejudice in any way the rights of any party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this protective order;

  c. waive or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this protective order;

  d. waive or prejudice in any way the rights of any party to seek a determination by the Court whether any document, information or material should be subject to the terms of this Order;

  e. waive or prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

  f. waive or prejudice in any way the rights of any party to comment on this Action, so long as such comment does not reveal or disclose any document, information or materials in violation of this protective order.

21. This Order has no effect upon, and shall not apply to, a party's use of its own Materials for any purpose.

22. Nothing contained herein shall preclude any attorney from advising his or her client concerning the merits of the action so long as CONFIDENTIAL or ATTORNEY'S EYES ONLY Material of the other party is not disclosed.

23. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's CONFIDENTIAL or ATTORNEY'S EYES

ONLY Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    25. Any non-party to this Action who shall make discovery or provide deposition or other testimony in this Action pursuant to subpoena or by agreement shall be entitled to avail itself of the provisions and protection of this Order.

    26. Upon execution hereof, the parties agree to be bound to the terms herein, and even before this Order is approved by the Court, it shall be effective as if approved.

    27. This Stipulated Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

Respectfully submitted,

| COOPER & DUNHAM LLP | BAKER & HOSTETLER LLP |
|---|---|
| By: /s/ Tonia A. Sayour | By: /s/ John M. Mueller |
| Peter D. Murray (PM-6912) | Kimberly M. Maynard (KM-6722) |
| Robert T. Maldonado (RM-7873) | Baker & Hostetler LLP |
| Tonia A. Sayour (TS-7208) | 45 Rockefeller Plaza |
| 30 Rockefeller Plaza | New York, NY 10111 |
| New York, New York 10112 | Telephone: (212) 589-4200 |
| Tel: (212) 278-0400 | Facsimile: (212) 589-4201 |
| Fax: (212) 391-0525 | kmaynard@bakerlaw.com |
| pmurray@cooperdunham.com | |
| rmaldonado@cooperdunham.com | John M. Mueller (*pro hac* vice) |
| tsayour@cooperdunham.com | Baker & Hostetler LLP |
| | 312 Walnut Street, Suite 3200 |
| *Attorneys for Plaintiff* | Cincinnati, OH 45044 |
| *TELEBRANDS CORP.* | Telephone: (513) 929-3413 |
| | Facsimile: (212) 537-9385 |
| | jmueller@bakerlaw.com |
| | |
| | *Attorneys for Defendant* |
| | TV DIRECT LLC |

```
This confidentiality agreement does not bind the Court or
any of its personnel.

The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.
```

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: February 24, 2015
       New York, New York

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I work at _____, and my title is _____.

3. I have been retained by _____ as an expert witness/consultant for the purpose of this proceeding (if applicable).

4. I have read the terms of the Stipulated Protective Order in *Telebrands Corp. v. TV Direct, LLC, et. al., No.14-5978 (KPF)(FM)*, pending in the United States District Court for the Southern District of New York (the "Stipulation"), and agree to be bound by its terms with respect to any documents, material or information designated as "Confidential" and/or "Attorney's Only" (collectively, "Confidential Material") that are furnished to me as set forth in the Stipulation.

5. I hereby agree that any documents, materials, or information designated as Confidential Material and furnished to me will be used by me only for the purposes permitted by the Stipulation and for no other purpose, including any business, commercial, professional, educational, personal or any other purpose whatsoever, and will not be imparted or disclosed by me to any other person except to the extent permitted under the Stipulation.

6. I further agree to return any and all documents, materials or information designated as Confidential Material together with all copies I may have made thereof (including any notes, memos or the like I may have made which contain or reflect any such Confidential Material) to the attorney(s) that furnished me with any such documents, materials or information (a) at the conclusion of the Action (as defined in the Stipulation), or (b) at the conclusion of my

engagement in connection with the Action, or (c) at the request of the attorney(s) who furnished me with such "Confidential" documents, materials or information.

7.   I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms of the Stipulation.

Name:
Date: