# BakerHostetler

Baker&Hostetler LLP

312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

T 513.929.3400
F 513.929.0303
www.bakerlaw.com

April 14, 2015

John M. Mueller
direct dial: 513.929.3413
jmueller@bakerlaw.com

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 618
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**VIA ECF & COURTESY COPY BY E-MAIL**

Re: Opposition to Motion to Reopen Case; Alternative Motion to Enforce the Settlement Agreement for Telebrands Corp. v. TV Direct LLC Civil Action No. 1:14-CV-5978-KPF-FM

Dear Judge Failla:

The undersigned represent Defendant TV Direct LLC ("TV Direct") in the above-referenced case.

On April 14, 2015, Plaintiff Telebrands Corp.'s ("Telebrands"), by and through its attorneys, filed an "Application for Restoration to Active Calendar" (Dkt. 19) in the above-identified case. The undersigned respectively opposes this motion and alternatively submits its own Motion to Enforce the Settlement Agreement between the parties including all actions and undertakings consistent therewith.

Specifically, the facts relating to TV Direct's request are as follows. On February 26, 2015 following multiple rounds of negotiations between the parties, the undersigned received an email from Telebrands' counsel stating: "[redacted]" The undersigned responded to the email stating: "Thank you. I look forward to reviewing the documents. In the interim, should you have any questions, please do not hesitate to contact me."

On March 26, 2015, the undersigned received copies of a draft settlement agreement and consent judgment from Telebrands' counsel. Both the settlement agreement and consent judgment included multiple terms that were never discussed, much less agreed-upon, by the parties during settlement negotiations, and several terms that explicitly contradicted statements and figures the parties had exchanged during settlement negotiations.

In response, on April 6, 2015, the undersigned sent an email to Telebrands' counsel stating: "Attached please find our revisions. As you will see, the revisions comply completely with the terms expressly agreed upon by the parties, nothing more, nothing less. To the extent that you believe that our revisions are inconsistent with the terms the parties agreed upon, please provide us with evidence from the settlement negotiations that would support your arguments." The email included revised versions of the settlement agreement and consent judgment consistent with the terms the parties discussed during settlement negotiations and agreed upon thereafter.

Following multiple attempts to resolve the disagreements over the content of the documents, Telebrands' counsel filed the aforementioned letter motion (Dkt. 19) on April 14, 2015 to reopen the case. In response thereto, the undersigned respectfully requests that the Court enforce the Settlement Agreement as agreed upon by the parties discussed herein including taking any and all actions consistent therewith.

TV Direct thanks the Court for it consideration in this matter.

Respectfully Submitted,
BAKER & HOSTETLER LLP

John M. Mueller
Kimberly M. Maynard (KM-6722)
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
kmaynard@bakerlaw.com

John M. Mueller (*pro hac* vice)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45044
Telephone: (513) 929-3413
Facsimile: (212) 537-9385
jmueller@bakerlaw.com

*Attorneys for Defendant*
TV DIRECT LLC