# COOPER & DUNHAM LLP
### ATTORNEYS AT LAW
30 ROCKEFELLER PLAZA, NEW YORK, NEW YORK 10112
TELEPHONE: (212) 278-0400
FACSIMILE: (212) 391-0525; 391-0526; 391-0630
www.cooperdunham.com

JOHN P. WHITE
GARY J. GERSHIK
ROBERT T. MALDONADO
JEFFREY L. SNOW
ERIC M. EISENBERG
JAMES T. CORCORAN
AARON P. SELIKSON
JOSEPH V. MICALI
ELANA B. ARAJ
DARREN HABER*
ASHWAT RISHI*

PAUL TENG
WENDY E. MILLER
TONIA A. SAYOUR
CINDY S. SHU
ADAM C. KROL
ALISSA M. ROLAND
JASON A. KEITH
MARIA C. NUNEZ
JOONG Y. CHO*
LINSHENG LI*

*LAW CLERKS

OF COUNSEL
CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM E. PELTON

SCIENTIFIC ADVISORS
ROBERT E. BOLCOME, III, PH.D.
LAWRENCE P. TARDIBONO, JR., PH.D.
PHILIP E. ALFORD, PH.D.
MINERVA Y. WONG, PH.D.

REGISTERED PATENT AGENTS
ANDREW CHUNG, B.E.
REGINA CHENG, B.S.

FOUNDED 1887

April 17, 2015

**VIA ECF & COURTESY COPY BY E-MAIL**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 618
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   TV Direct's "Alternative Motion to Enforce the Settlement Agreement"
      Telebrands Corp. v. TV Direct LLC
      Civil Action No. 1:14-CV-5978-KPF-FM

Dear Judge Failla:

The undersigned represent Plaintiff Telebrands Corp. ("Telebrands") in the above-referenced case. Telebrands writes to respond to Defendant TV Direct LLC's ("TV Direct's") April 14, 2015 letter (Dkt. 20) which is captioned as an "Alternative Motion to Enforce the Settlement Agreement."

Initially, it is improper for TV Direct to seek to enforce an alleged settlement agreement by letter motion. S.D.N.Y. Local Civil Rule 7.1(d) only permits letter motions that are "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters." S.D.N.Y. Local Civil Rule 7.1 2013 Committee Note ("Local Civil Rule 7.1(d) is not intended to expand the types of motions that can be made by letter-motion"). TV Direct's improper letter motion has prejudiced Telebrands by forcing Telebrands to respond to this potentially case-dispositive matter within three business days. *See* Your Honor's Individual Rules of Practice in Civil Cases at 2(H). Telebrands accordingly requests that TV Direct's letter motion be denied and alternatively reserves the right to further brief the motion should this Court choose to entertain it.

Hon. Katherine Polk Failla
April 17, 2015
Page 2

      Contrary to TV Direct's contention, no settlement has been consummated. TV Direct's recitation of the alleged "facts relating to" its motion are incomplete. TV Direct recites some of the settlement terms suggested by Telebrands, but fails to inform the Court of the important factual misrepresentation made by TV Direct that formed the core basis of the parties' negotiations. Specifically, Telebrands requested that TV Direct disclose the number of units of accused product it had sold, and then made a monetary demand based on the number that was disclosed. It was only when the parties were exchanging drafts of the proposed settlement agreement that Telebrands learned, for the very first time, that the number of units sold that was previously provided by TV Direct was materially wrong. Rather than provide the total units of accused product sold, TV Direct only provided the number of units sold after the asserted design patent issued.[1] But Telebrands asserted more than a design patent claim in this case. The monetary amount in the emails was based on what Telebrands believed to be the total number of units sold. Since Telebrands was deceived as to the basis for this amount, the emails are not an enforceable agreement. There was no meeting of the minds.[2] Moreover, the parties agreed that Telebrands would prepare settlement papers, thereby acknowledging that the informal exchange of emails would not constitute an enforceable agreement. *See Paloger v. Cohen*, 37 Misc. 3d 1220(A), 964 N.Y.S.2d 61 (Sup. Ct. 2012) (Emails between counsel were not a settlement agreement where the "e-mails did not contain an essential term" and the parties "intended, as evidenced by the express language in the . . . e-mails, that the settlement reached would be reduced to a formal writing"). TV Direct's email in response reflected a need for further negotiations.

      Accordingly, Telebrands respectfully requests that this Court decline the relief sought by TV Direct in its April 14, 2015 letter (Dkt. 20).

---

[1] When Telebrands requested the total units of accused product sold, TV Direct responded with the total number of products sold "since May." Telebrands understood that to mean that sales of the product by TV Direct commenced in May. TV Direct later reinforced this misrepresentation by referring to this number simply as "past sales." At no time did TV Direct disclose that it was only providing the total of units sold after the design patent issued, or that the number it provided was anything other than the total number of units sold since inception, which is what Telebrands requested. Since Telebrands learned of the misrepresentation, TV Direct has refused to disclose the total number of accused products sold by it since inception.

[2] There are other reasons that the negotiations between the parties are not enforceable as an agreement, which Telebrands can present in opposition to a properly-filed motion by TV Direct.

Hon. Katherine Polk Failla
April 17, 2015
Page 3

                Respectfully submitted,

                COOPER & DUNHAM LLP

By:  /Tonia A. Sayour/_____
      Peter D. Murray (PM-6912)
      Robert T. Maldonado (RM-7873)
      Tonia A. Sayour (TS-7208)
      30 Rockefeller Plaza
      New York, New York 10112
      Tel: (212) 278-0400
      Fax: (212) 391-0525
      pmurray@cooperdunham.com
      rmaldonado@cooperdunham.com
      tsayour@cooperdunham.com

      Attorneys for Plaintiff
      TELEBRANDS CORP.

cc: counsel for TV Direct (by e-mail)