UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
                                                    :
TELEBRANDS CORP.,                                   :
                                                    :
                                Plaintiff,          :        14 Civ. 5978 (KPF)
                                                    :
                   v.                               :
                                                    :
TV DIRECT LLC,                                      :
                                                    :
                                Defendant.          :
                                                    :
----------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: <u>May 8, 2015</u> |

## **SETTLEMENT AND MUTUAL RELEASE AGREEMENT**

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This agreement is made this _06_ day of ~~April~~ *May* 2015, by and between Telebrands Corp. (hereinafter "TELEBRANDS"), a New Jersey corporation located and doing business at 79 Two Bridges Road, Fairfield, New Jersey 07004; and TV Direct, LLC (hereinafter "TV DIRECT"), a New York corporation with a place of business at 347 Fifth Avenue, Suite 1100, New York, New York 10016.

WHEREAS, TELEBRANDS markets and sells knives under the mark AERO KNIFE and adopted and began using a unique, fanciful, nonfunctional and distinctive product configuration and trade dress in connection with its AERO KNIFE products, specifically, a blade that has five polygonal shapes in the order of a triangle on one upper corner of the blade, followed by a quadrilateral, followed by two parallelograms, followed by a pentagon with the shortest side at the other opposing lower corner of the blade ("Trade Dress") (Exhibit A);  Telebrands has used the Trade Dress continuously since early 2013; and Telebrands owns U.S. Patent No. D704,010 for a "Knife," which issued on May 6, 2014 ("Design Patent") (Exhibit B);

WHEREAS, the Trade Dress is well-known and famous, and has achieved secondary meaning in representing TELEBRANDS as the source of the AERO KNIFE products;

WHEREAS, TV DIRECT has advertised, marketed, promoted, distributed, imported, manufactured, had manufactured, offered for sale and sold in interstate commerce, knives that incorporate the elements of TELEBRANDS' distinctive Trade Dress and embody the invention claimed in the Design Patent in violation of Telebrands' rights in the Trade Dress and Design Patent for the AERO KNIFE products (hereinafter "Accused Product");

WHEREAS, TELEBRANDS filed a civil action against TV DIRECT in the United States

Stipulated Final Judgement and Order on Consent - Exhibit C

District Court for the Southern District of New York, on July 31, 2014, Civil Action No. 14-cv-5978 (KPF)(FM), asserting claims for patent infringement and trade dress infringement and unfair competition under federal and state law (hereinafter referred to as the "Suit"), and demanding judgment against TV DIRECT for an injunction and for damages according to proof;

and

WHEREAS the Parties now desire and intend to settle the Suit amicably without the necessity of further litigation as set forth herein.

NOW, THEREFORE, pursuant to and in accordance with this desire and in consideration of the promises and releases made below, the Parties agree as follows:

<u>1. OBLIGATIONS OF TV DIRECT</u>

1.1    <u>Settlement Payment</u>.    TV DIRECT shall pay TELEBRANDS EIGHTY THOUSAND DOLLARS ($80,000) within seven days of signing this Agreement.  Payment shall be made by depositing such funds in an account at the direction of TELEBRANDS by wire transfer ("the Settlement Payment").  Such funds, together with the representations, promises and release made by TV DIRECT shall constitute consideration for the release of claims by TELEBRANDS described in Section 3 of this Agreement.

1.2    <u>No Sales Of Accused Product</u>. TV DIRECT and its respective owners, shareholders, officers, directors, agents, servants, employees, those persons directly or indirectly controlled by them, and those persons in active concert or participation with them, shall not distribute, market, advertise, promote, import, manufacture, have manufactured, offer for sale, or sell the Accused Product or any other product that uses the Trade Dress or a confusingly similar Trade Dress, or infringes the Design Patent.

606095848.1

2

Stipulated Final Judgement and Order on Consent - Exhibit C

1.3    <u>TELEBRANDS' Right To Audit</u>.  TELEBRANDS shall have the right, at its own expense and within 90 days after TELEBRANDS' receipt of the Settlement Payment, to have an independent auditor audit the books and records of TV DIRECT pertaining to the sale, shipment and inventory of the Accused Product to determine whether TV DIRECT and its respective owners, shareholders, officers, directors, agents, servants, employees and attorneys, those persons directly or indirectly controlled by them, and those persons in active concert or participation with them, have complied with the terms and conditions of this Settlement and Mutual Release Agreement and to verify the accuracy of the representations and warranties made herein, such audit to take place at the site at which such books and records are generally maintained, upon no less than five (5) business days written notice to the entity that is being audited.  Neither TELEBRANDs, nor any of its respective owners, shareholders, officers, directors, agents, servants, employees and attorneys, those persons directly or indirectly controlled by them, and those persons in active concert or participation with them, shall have access to any of the materials examined or results of the audit except if the audit reveals discrepancies that the indicate the representations and warranties were violated and then only to the extent necessary to document the alleged discrepancies.  Customer names shall never be provided to TELEBRANDS and TV DIRECT shall be copied on and provided with all correspondence from the independent auditor to TELEBRANDS following the audit.

1.4    <u>Destruction Of Remaining Inventory</u>.  Within one week of the last signature on this Agreement, TV Direct shall destroy the FOUR THOUSAND THREE HUNDRED AND EIGHTY TWO (4,382) pieces of Accused Product that are remaining in TV DIRECT'S inventory ("Remaining Inventory").  TV DIRECT shall certify in writing to TELEBRANDS, within five (5)

Stipulated Final Judgement and Order on Consent - Exhibit C

days after the end of the one week period that such Remaining Inventory has been destroyed.

## 2. REPRESENTATIONS AND WARRANTIES

2.1    Representations and Warranties.  TV DIRECT, on behalf of itself and its respective owners, shareholders, officers, directors, agents, servants, employees and attorneys, hereby warrants and represents:

(i) that it has ceased and is no longer advertising, marketing, promoting, importing, manufacturing or having manufactured the Accused Product or any other product that uses the Trade Dress or a confusingly similar Trade Dress, or infringes the Design Patent;

(ii)    that as of the date of this Agreement, TV DIRECT has sold no more than ONE HUNDRED TWENTY FOUR THOUSDAND THREE HUNDRED AND NINETY SEVEN (124,397) units of the Accused Product and that it has no more than FOUR THOUSAND THREE HUNDRED AND EIGHTY TWO (4,382) units of the Accused Product remaining in inventory, as sworn to in a Declaration attached hereto as Exhibit C;

(iii)   that TV DIRECT will cease and no longer offer for sale, distribute or sell the Accused Product or any other product that uses the Trade Dress or a confusingly similar Trade Dress, or infringes the Design Patent;

(iv)   that it has not sold or offered for sale any other knife product which uses the Trade Dress or a confusingly similar Trade Dress, or infringed the Design Patent;

(v) that as of the date of this Agreement, it has cancelled any and all orders for the Accused Product that it has placed with manufacturers, suppliers or other sources; and

(vi)   that TV DIRECT will abide by the obligations undertaken in Paragraphs 1.1 through 1.4 hereof, including the destruction of the Remaining Inventory as set forth in Paragraph 1.4.

4

606095848.1

Stipulated Final Judgement and Order on Consent - Exhibit C

TELEBRANDS, on behalf of itself and its respective owners, shareholders, officers, directors, agents, servants, employees and attorneys, hereby warrants and represents:

(i) It has all requisite legal right, power and authority to execute, deliver and perform this Agreement; and

(ii) it owns the Design Patent and Trade Dress and that no other third party owns any right to recover from TV DIRECT any infringement of the Telebrands' Design Patent and/or Trade Dress.

2.2     Reliance Upon Representations.  In entering into this Agreement, the Parties have specifically relied upon the truth and accuracy of the representations and warranties contained in this Agreement, and the truth and accuracy of such representations and warranties comprise a material portion of the consideration received by the Parties hereunder for the releases hereunder.

2.3     Penalty Provision For Misrepresentations.  If any representation or warranty made by TV DIRECT herein shall prove to be incorrect in any material respect, then TELEBRANDS shall be entitled to liquidated damages in the amount of ten dollars ($10.00 USD) per unit for (i) all units of Accused Product, other than the Infinity Knife product, that were imported, manufactured, advertised, marketed, promoted, offered for sale, distributed, or sold before the date of this Agreement, which use the Trade Dress or a confusingly similar Trade Dress, or infringe the Design Patent or infringe any other intellectual property rights of TELEBRANDS in the AERO KNIFE product; and/or (ii) all units of each the Accused Product sold by TV DIRECT, before the date of this Agreement, or in inventory as of the Effective Date, in excess of the number of units represented to have been sold or in inventory in Paragraphs 2.1(ii), taking into account a margin of error of not more than 100 units.

606095848.1

Stipulated Final Judgement and Order on Consent - Exhibit C

## 3. MUTUAL RELEASE

3.1     <u>Released Claims</u>.  In consideration of the promises, representations and warranties herein, the Settlement Payment by TV DIRECT and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, and the Parties' compliance with the terms hereunder, TELEBRANDS, on the one hand, and TV DIRECT, on the other hand, do each hereby and for themselves and their respective legal successors and assigns, release and absolutely and forever discharge each other and their respective past, present and future shareholders, officers, directors, employees, subsidiaries, affiliates, agents, attorneys, legal successors and assigns, and customers from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whatsoever, from the beginning of time to the date of this Agreement, whether known or unknown, certain or speculative, asserted or unasserted, based upon or arising out of the acts, allegations, occurrences, events, circumstances, facts or transactions pled in the Suit with respect to the Accused Product, and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions and causes of action of arising in the future solely out of purchases and/or sales of Remaining Inventory in conformance with Section 1.3 above (all of which are hereinafter referred to as and included within the "Released Matters"). TELEBRANDS' release is expressly conditioned on TV DIRECT's compliance with its payment obligations under Section 1.1 above, and shall take effect upon TELEBRANDS' receipt of the Settlement Payment.   The Parties expressly acknowledge that this release does not include a release of claims against any of TV DIRECT's suppliers or manufacturers of the Accused Product.

6

Stipulated Final Judgement and Order on Consent - Exhibit C

3.2     <u>Effect Of Release</u>.  It is the intention of the Parties in executing this Agreement that this Agreement shall be effective as a full and final accord and satisfaction and mutual release of each and every claim, obligation and matter released herein.  It is not the intention of the Parties to release any other claims, nor is it the intention of TELEBRANDS to grant a license to TV DIRECT or anyone else as to the Design Patent and the Trade Dress.

3.3     <u>Ownership Of Claims</u>.  TV DIRECT, on the one hand, and TELEBRANDS, on the other hand, each warrants and represents to the other that it is the sole and lawful owner of all right, title, and interest in and to all of the respective Released Matters with respect to TV DIRECT on the one hand, and TELEBRANDS, on the other hand, and that it has not heretofore voluntarily, by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person whomsoever any Released Matter or any part or portion thereof or of any claim, demand or right against the other.  TV DIRECT on the one hand, and TELEBRANDS, on the other hand, shall indemnify and hold harmless the other from and against any breach of the warranties and representations set forth in this paragraph.

3.4     <u>Breach</u>.  The Parties agree that nothing in this Agreement shall limit the Parties' relief with respect to breach of this Agreement.

<u>4. BENEFICIARIES</u>

This Agreement is not for the benefit of any person who is not a party signatory hereto and specifically named a beneficiary in this paragraph.  The provisions of this Agreement and the releases contained herein shall extend to and inure to the benefit of and be binding upon, in addition to TV DIRECT and TELEBRANDS, just as if they had executed this Agreement: the respective legal successors and assigns of each of TV DIRECT and TELEBRANDS, each and every entity

7

which now is or ever was a division, parent, affiliate or subsidiary of TV DIRECT or TELEBRANDS and their respective legal successors and assigns, TV DIRECT'S customers; the respective past and present shareholders, officers, directors, agents, employees and attorneys of TV DIRECT and TELEBRANDS and of each such division, parent, affiliate or subsidiary entity and their respective legal successors and assigns; and each of the foregoing.

## 5. CONSENT JUDGMENT AND ATTORNEYS' FEES

5.1   Consent Judgment.   Upon execution hereof and payment of the Settlement Payment pursuant to Section 1.1, the Parties shall execute a Stipulated Final Judgment and Order On Consent in the form attached hereto as Exhibit D, which will be filed with the Court within five days of the Settlement Payment.

5.2   Settlement Fees.   Except to the extent included within the Settlement Payment, each party shall bear its own costs and attorneys' fees in connection with the Suit.

## 6. GENERAL

6.1   Warranty Of Capacity To Execute.   Each party has full authority to enter into this Agreement and each party executing this Agreement in a representative capacity expressly represents and warrants that he or she is empowered and authorized to do so.

6.2   Investigation.   Each party acknowledges that it has had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the consideration specified herein.   Each party agrees that it will not hereafter contest the validity or enforceability of any portion of this Agreement.

6.3   Governing Law.   This Agreement shall in all respects be interpreted, enforced and

606095848.1

Stipulated Final Judgement and Order on Consent - Exhibit C

governed by and under the laws of the State of New York, and any enforcement of or litigation relating thereto shall be brought before the Southern District of New York, which shall retain jurisdiction. The Parties agree to submit to the jurisdiction of the Southern District of New York. The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against either of the Parties.

6.4     Titles and Captions. The title of the various articles of this Agreement are used for convenience for reference only and are not intended to and shall not in any way enlarge or diminish the rights or obligations of the Parties or affect the meaning or construction of this document.

6.5     Counterparts. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above.

6.6     Gender and Number. Whenever in this instrument the context so requires, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular to refer to and include the plural, or vice-versa.

6.7     Integration and Amendment. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by the Parties hereto.

6.8     Severability. The invalidity of any provision of this Agreement shall not affect the continuing enforceability of the remaining provisions.

6.9     No Coercion. Each of the Parties hereof agrees that this Agreement is being freely and voluntarily given by each without duress or coercion, after each party has had an opportunity

9

Stipulated Final Judgement and Order on Consent - Exhibit C

to consult with legal counsel of its choice.

6.10    No Waiver.  No waiver, delay, omission or forbearance in exercising any right, duty, or power under this Agreement shall be construed as a waiver of the breach of any of the provisions of this Agreement or subsequent default or breach of a different kind.

6.11    Assignment and Binding Effects.  This Agreement is binding on the Parties and their respective executors, administrators, legal representatives and successors.  This Agreement, including the releases set forth herein, and the respective duties and responsibilities of the Parties hereunder, are not assignable.

6.12    Cumulative Rights.  Any specific right or remedy provided in this Agreement will not be exclusive but will be cumulative upon all other rights and remedies set forth herein and allowed under law.

6.13    Facsimile Or PDF Execution.  A facsimile signature or pdf signature shall be valid as an original signature for all purposes hereunder.

10

Stipulated Final Judgement and Order on Consent - Exhibit C

IN WITNESS WHEREOF, a duly authorized agent of each of the Parties hereto has executed this Settlement and Mutual Release Agreement effective as of the day and year first written above.

TELEBRANDS CORP.

By _____

Name _BALA IYER_

Title _EXECUTIVE VICE PRESIDENT_


TV DIRECT, LLC

By _____

Name _KISHORE SAMTANI_

Title _PRESIDENT_


Dated: May 8, 2015
      New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

11

606095848.1

Stipulated Final Judgement and Order on Consent - Exhibit C

# EXHIBIT A



Stipulated Final Judgement and Order on Consent - Exhibit C
Settlement and Mutual Release Agreement - Exhibit A

# EXHIBIT B



US00D704010S

(12) **United States Design Patent**

Shahani

(10) Patent No.: **US D704,010 S**

(45) Date of Patent: \*\* **May 6, 2014**

(54) **KNIFE**

(71) Applicant: **Rajoo M. Shahani**, Fairlawn, NJ (US)

(72) Inventor: **Rajoo M. Shahani**, Fairlawn, NJ (US)

(73) Assignee: **Telebrands Corp.**, Fairfield, NJ (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/451,183**

(22) Filed: **Mar. 28, 2013**

(51) LOC (10) Cl. ................................................ **07-03**

(52) U.S. Cl.
USPC ................................................................ **D7/649**

(58) Field of Classification Search
USPC .............. D7/368, 393–395, 401.2, 642–646,
D7/649–654, 660–664, 669, 675–676, 683,
D7/688–692, 695–696; D8/5, 25, 83,
D8/98–99, 107, 303; D24/146–147;
30/115, 137, 141–143, 147–150,
30/322–327, 329, 335, 340, 342–348,
30/355; 416/70 R
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D177,743  S  \*  5/1956  Marx ............................... D7/650
D304,154  S  \*  10/1989  Osterhout ........................ D8/99

D403,204  S  \*  12/1998  Kwok ............................ D7/401.2
D439,806  S      4/2001  Juhlin et al.
D442,841  S  \*  5/2001  Balolia .............................. D8/99
D464,539  S  \*  10/2002  Richwine et al. .................. D8/5
D525,088  S  \*  7/2006  Fort et al. ..................... D7/652
D545,637  S  \*  7/2007  Curtin ......................... D7/650
D554,949  S  \*  11/2007  Hood .......................... D7/650
D573,850  S  \*  7/2008  Curtin ......................... D7/649
D581,732  S  \*  12/2008  Epstein ...................... D7/401.2
D581,733  S  \*  12/2008  Epstein ...................... D7/401.2
D600,506  S  \*  9/2009  Miltner et al. ............... D7/649
D643,256  S      8/2011  Hirai
D643,257  S  \*  8/2011  Hirai ......................... D7/649

\* cited by examiner

*Primary Examiner* — Ricky Pham

(74) *Attorney, Agent, or Firm* — Jeffrey L. Snow; Cooper &
Dunham, LLP

(57) **CLAIM**

The ornamental design for a knife, as shown and described.

**DESCRIPTION**

FIG. **1** is a bottom perspective view thereof;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a right side view thereof;
FIG. **5** is a left side view thereof;
FIG. **6** is a top side view thereof; and,
FIG. **7** is a bottom side view thereof.

**1 Claim, 6 Drawing Sheets**



**U.S. Patent**  May 6, 2014  Sheet 1 of 6  US D704,010 S



FIG. 1



*FIG.* **2**



*FIG.* **3**



FIG. 4

**U.S. Patent**    May 6, 2014    Sheet 4 of 6    US D704,010 S



FIG. 5



*FIG. 6*



FIG. 7

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------- X

TELEBRANDS CORP.,                                   :          CASE NO. 14-5978 (KPF)(FM)
                                                    :
                            Plaintiff,              :
                                                    :
            -v-                                     :
                                                    :
TV DIRECT LLC,                                      :
                                                    :
                            Defendant.              :
                                                    :
                                                    :
--------------------------------------------------- X

## DECLARATION OF KISHORE SAMTANI

I, KISHORE SAMTANI, hereby declare, represent and warrant that:

1. I am the Vice President of Business Development of Defendant TV DIRECT, Inc. ("Defendant"). I have personal knowledge of the facts set forth in this declaration.

2. As of the signature date of this Declaration, TV DIRECT has sold no more than ONE HUNDRED TWENTY FOUR THOUSAND THREE HUNDRED AND NINETY SEVEN (124,397) units of the Infinity Knife product and that it has no more than FOUR THOUSAND THREE HUNDRED AND EIGHTY TWO (4,382) units of the Infinity Knife product remaining in inventory ("Remaining Inventory"). TV DIRECT will destroy the Remaining Inventory and certify in writing that such Remaining Inventory has been destroyed in accordance with the terms of the "Settlement and Mutual Release Agreement" to be executed by the parties.

I declare under penalty of perjury, under the laws of the United States of America, that the forgoing is true.

_____
Kishore Samtani

Dated: ~~April~~ Nov 06, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
TELEBRANDS CORP.,                              :                    CASE NO. 14-5978 (KPF)(FM)
                                               :
                        Plaintiff,             :
              -v-                              :
                                               :
TV DIRECT LLC,                                 :
                                               :
                        Defendant.             :
                                               :
                                               :
-------------------------------------------------- X

## DECLARATION OF KISHORE SAMTANI

  I, KISHORE SAMTANI, hereby declare, represent and warrant that:

1. I am the Vice President of Business Development of Defendant TV DIRECT, Inc. ("Defendant"). I have personal knowledge of the facts set forth in this declaration.

2. As of the signature date of this Declaration, TV DIRECT has sold no more than ONE HUNDRED TWENTY FOUR THOUSAND THREE HUNDRED AND NINETY SEVEN (124,397) units of the Infinity Knife product and that it has no more than FOUR THOUSAND THREE HUNDRED AND EIGHTY TWO (4,382) units of the Infinity Knife product remaining in inventory ("Remaining Inventory"). TV DIRECT will destroy the Remaining Inventory and certify in writing that such Remaining Inventory has been destroyed in accordance with the terms of the "Settlement and Mutual Release Agreement" to be executed by the parties.

  I declare under penalty of perjury, under the laws of the United States of America, that the forgoing is true.

Kishore Samtani

Dated: April 06, 2015

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
TELEBRANDS CORP.,                                   :                CASE NO. 14-5978 (KPF)(FM)
                                                    :
                              Plaintiff,            :
          -v-                                       :
                                                    :
TV DIRECT LLC,                                      :
                                                    :
                              Defendant.            :
                                                    :
                                                    :
-------------------------------------------------- X

### STIPULATED FINAL JUDGMENT AND ORDER ON CONSENT

   Plaintiff, Telebrands Corp. ("Telebrands"), having filed a Complaint against Defendant TV

Direct, LLC ("Defendant"), and the parties having resolved this matter by entry into a Settlement

and Mutual Release Agreement ("the Agreement"), the terms of which are incorporated herein,

and having consented to the entry of this Judgment and Order, it is hereby ORDERED that:

1.   Telebrands markets and sells knives under the mark AERO KNIFE and adopted and began

     using a unique, fanciful, nonfunctional and distinctive product configuration and trade dress in

     connection with its AERO KNIFE products; is the owner of U.S. Design Patent No. D704,010

     (the "Design Patent") and is the owner of trade dress rights in the AERO KNIFE products (the

     "Trade Dress").

2.   Defendant has advertised, marketed, promoted, distributed, imported, manufactured, had

     manufactured, offered for sale and sold in interstate commerce knife products that have

     infringed the Design Patent and Trade Dress ("Accused Product").

3.   The Design Patent and Trade Dress are valid and enforceable and Defendant agrees that it will

     not challenge the validity or enforceability of the Design Patent and Trade Dress in any future

     proceeding.

Stipulated Final Judgement and Order on Consent - Exhibit C

4.  Defendant, its owners, shareholders, officers, directors, agents, servants, employees and those persons directly or indirectly controlled by them, and those persons in active concert or participation with them, and those who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined and restrained, from the following:

    a.  from infringing the Design Patent in any manner, including, without limitation, by making, using, offering for sale, selling or importing the Accused Product shown in Exhibit A;

    b.  from infringing the Trade Dress, shown in Exhibit B in any manner including, without limitation, by making, using, offering for sale, selling or importing the Accused Product shown in Exhibit A.

5.  This action is hereby dismissed with prejudice.

6.  The parties shall bear their own costs and attorneys' fees of this action.

7.  The Court shall retain jurisdiction to enforce the terms of this Stipulated Final Judgment and Order On Consent.

Consented To:

Dated: April ___, 2015                          COOPER & DUNHAM LLP


                                                _____
                                                Peter D. Murray (PM-6912)
                                                Robert T. Maldonado (RM-7873)
                                                Tonia A. Sayour (TS-7208)
                                                30 Rockefeller Plaza
                                                New York, New York 10112
                                                Tel: (212) 278-0400
                                                Fax: (212) 391-0525
                                                pmurray@cooperdunham.com
                                                rmaldonado@cooperdunham.com
                                                tsayour@cooperdunham.com

                                                Attorneys for Plaintiff
                                                TELEBRANDS CORP.


Dated: April ___, 2015                          BAKER & HOSTETLER LLP


                                        By:_____
                                                John M. Mueller
                                                312 Walnut Street, Suite 3200
                                                Cincinnati, Ohio 45044
                                                Tel: (513) 929-3413
                                                Fax: (513) 929-0303
                                                jmueller@bakerlaw.com

                                                Kimberly Maynard
                                                BAKER & HOSTETLER LLP
                                                45 Rockefeller Plaza
                                                New York, New York 10112
                                                kmaynard@bakerlaw.com

                                                Attorney for Defendant
                                                TV DIRECT, LLC

606095870.1

Stipulated Final Judgement and Order on Consent - Exhibit C



Stipulated Final Judgment and Order on Consent - Exhibit A

Stipulated Final Judgement and Order on Consent - Exhibit C

